UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, ELSEVIER, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XUHONG WANG, BU RU, and DOES 1-10 d/b/a www.ebooksgogo.com and www.ietext.com, <br><br> Defendants. | Case No. 17-cv-4914 <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs Cengage Learning, Inc., McGraw-Hill Global Education Holdings, LLC, Elsevier, Inc., and Pearson Education, Inc. (collectively, "Plaintiffs") for their Complaint against Defendants Xuhong Wang, Bu Ru, and Does 1 - 10 doing business as www.ebooksgogo.com and www.ietext.com (collectively, "Defendants"), allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiffs are among the world's leading educational publishers. They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.

2. Defendants operate a blatantly illegal online business. It is devoted to the unauthorized reproduction and distribution of digital copies of Plaintiffs' and other publishers' copyrighted works. Hiding behind the anonymity of the Internet, Defendants sell unauthorized digital copies of books ("Infringing E-books") to consumers in the United States and elsewhere.

3. Plaintiffs bring this Complaint for injunctive relief and damages to

address Defendants' widespread, knowing and willful copyright infringement.

## JURISDICTION AND VENUE

4.  This is a civil action seeking injunctive relief and damages. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a). This is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq*.

5.  Personal jurisdiction in this district is proper, pursuant to N.Y. C.P.L.R. §§ 301 and 302 because Defendants: (a) transact business within this State or contract to supply goods in this State; (b) have committed acts of copyright infringement within this State and in this District; and/or (c) have committed acts of copyright infringement outside the State, which caused injury to Plaintiffs within the State, and Defendants expected or should reasonably have expected such acts to have consequences in this State and derive substantial revenue from interstate or international commerce. In the alternative, personal jurisdiction in this District is proper pursuant to the federal long-arm statute, Fed. R. Civ. P. 4(k)(2).

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

## PARTIES

7.  Plaintiff Cengage Learning, Inc., formerly Thomson Learning Inc., ("Cengage") is a Delaware corporation, with its principal place of business at 20 Channel Center Street, Boston, Massachusetts 02210.

8.  Plaintiff McGraw-Hill Global Education Holdings, LLC ("MHE") is a Delaware limited liability company, with its principal place of business at 2 Penn Plaza, New York, New York 10121.

9.  Plaintiff Elsevier, Inc. ("Elsevier") is a Delaware corporation, with its principal place of business at 360 Park Avenue South, New York, New York 10010.

10. Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation, with its principal place of business at 330 Hudson Street, New York, New York 10013.

11. Defendant Xuhong Wang is an individual who Plaintiffs believe resides

and/or does business in China.

12. Defendant Bu Ru, to the extent he or she is a different person than Xuhong Wang, is an individual who Plaintiffs believe resides and/or does business in China.

13. Defendants Does 1-10 are fictitious names for certain individuals or entities whose true identities and locations are not currently known to Plaintiffs. Doe Defendants engage in an illegal scheme whereby, as alleged herein, they sell Infringing E-books to the public, making and distributing unauthorized copies of Plaintiffs' copyrighted works. Once Plaintiffs obtain information as to Defendants' true identities, Plaintiffs will amend the Complaint to include such individuals or entities as named defendants.

## PLAINTIFFS' BUSINESSES

14. Plaintiffs are among the world's largest providers of tailored learning solutions. In the academic marketplace, Plaintiffs serve secondary, post-secondary, graduate and professional-level students, teachers, and learning institutions in both traditional and distance learning environments. Plaintiffs' publications include physical and digital textbooks, as well as online publications (collectively, "Textbooks"). These Textbooks are widely available in the marketplace for sale, rental, or subscription, including from physical and online bookstores.

15. Plaintiffs are the copyright owners of, and/or the owners of exclusive rights in, among many others, those Textbooks described on **Exhibit A** (hereinafter "Plaintiffs' Works"). Plaintiffs, or their predecessors or affiliates, have each duly registered their respective copyrights covering Plaintiffs' Works.

16. Plaintiffs invest heavily in Textbook publishing. Each year they incur substantial costs for: author royalties or other costs of content creation or licensing; copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion; and support of their editorial offices.

17. Plaintiffs would suffer financial injury if their copyrights were not enforced. A substantial decline in their income from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving Textbooks. This would adversely impact the creation of new Textbooks, scholarly endeavor, and scientific progress, by making it more difficult to publish deserving Textbooks.

18. Both publishers and authors alike are deprived of income when their Textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

## DEFENDANTS' UNLAWFUL ACTIVITIES

19. Defendants own, control, and operate illegal online stores (the "Infringing Sites" or "Sites"), including, but not limited to, at www.ebooksgogo.com and www.ietext.com. The sole object of Defendants' Infringing Sites is to make money from the sale of Infringing E-books, *i.e.*, unauthorized digital copies of books.

20. Defendants are not authorized to reproduce or distribute the books that Defendants sell on their Sites. Nonetheless, Defendants have made unauthorized digital copies of these books and store them on computers they own or control, for further copying and sale to customers. In furtherance of their unlawful activities, Defendants use multiple email addresses ("Defendants' Email Addresses"), including but not limited to domaindaili@163.com, omyname@gmail.com, order@ebooksgogo.com, nuuroogee@gmail.com, ungulatev@hotmail.com, support@ietext.com, and support@shopoin.com.

21. Through their highly interactive websites, and via other means, upon payment of a fee from their customers, Defendants distribute Infringing E-books to the public in violation of Plaintiffs' copyrights, including to students and other individuals located in this District. Defendants engage in these acts using Defendants' Sites,

Defendants' Email Addresses, and other tools and services. Attached, as Exhibit A, is a non-exhaustive, representative list of Plaintiffs' Textbooks that Defendants have reproduced and distributed in violation of Plaintiffs' copyrights.

22. Defendants' Sites are very similar, and in some cases identical, in look, content, and feel. Payments on both Sites are made to the PayPal account, "Shopion Inc."

23. At Defendants' Sites, purchasers or prospective purchasers can scroll through or search for listings of the unauthorized digital copies of Plaintiffs' Textbooks that Defendants have made and maintain on computers Defendants own or control. Visitors can interact with the Sites, view information on the massive catalogue of items available for purchase, and then move forward with the transaction. Visitors can search by keyword, such as title, author, or International Standard Book Number ("ISBN"). Alternatively, a visitor can also browse titles by subject matter. At the touch of a few keystrokes, armed with a credit card or other means of online payment, such as a PayPal account, a visitor can purchase and download unauthorized copies of Plaintiffs' and other publishers' copyrighted publications.

24. Defendants' Sites have individual "product pages" for each Infringing E-book that they offer for sale. These pages contain an image of the book cover, a product description (lifted directly from the publisher's description), and suggestions of related products in which the prospective buyer may be interested.

25. Plaintiffs have made test purchases from Defendants. Such purchases confirm that, as Defendants advertise on their websites, they provide customers with complete, unauthorized digital copies of Plaintiffs' Textbooks.

26. Defendants' Sites receive thousands of unique visitors per month from customers and prospective customers located throughout the United States, including this District. Defendants' customers are located by and large in the United States, rather than abroad. One SimilarWeb report for www.ebooksgogo.com indicates that there

were almost 24,000 visits in one month to this Site alone, virtually all from within the United States.

27. Defendants conduct their unlawful business solely by email and over the Internet, making concerted efforts to conceal their true names and physical locations. Defendants have attempted to conceal their identity and frustrate attempts to stop their unlawful activity, including by not posting any real names, physical addresses, or telephone numbers on Defendants' Sites, and supplying domain name registrars with false contact information. Further, Defendants' PayPal account, Shopion Inc., to the extent it is even a real entity, appears to be nothing more than a front that is not registered to do business anywhere in the country.

28. While pirates such as Defendants are notorious for and adept at hiding their identities and locations, Defendants utilize the services of a number of companies in the United States in connection with their infringing activities. In particular, Defendants employ (a) domain name registration and web hosting services through GoDaddy.com, LLC, and (b) payment processing services through PayPal, Inc. and WooCommerce, among others. The foregoing is a non-exhaustive list.

29. Defendants' reproduction and distribution of Plaintiffs' valuable copyrighted works takes place without authorization and without compensation to Plaintiffs, their authors, and others in the legitimate chain of commerce. On the contrary, Defendants' actions described herein benefit Defendants alone, for their commercial purpose and gain, without any changes to Plaintiffs' copyrighted works (useful or otherwise). Defendants distribute wholesale, unauthorized copies of Plaintiffs' Textbooks, with no way to prevent their viral downstream dissemination. In fact, Defendants market their Sites by touting that they deliver the Infringing E-books without digital rights management ("DRM") technology that restricts subsequent copying. Defendants' infringing activity steals the fruits of Plaintiffs' and their authors' creative efforts and monetary investments.

30. Defendants are well aware of the enormous infringement that they cause. Rather than take the steps necessary to operate a legitimate online store that sells lawful copies of books, Defendants instead chose to copy and upload a massive amount of infringing files for Defendants to sell to customers. Defendants have sold Infringing E-books, and continue to do so, with the full awareness that they have not been granted any license, permission, authorization, or consent to copy or distribute the underlying copyrighted works. Defendants have harmed Plaintiffs in this District and are aware that they have caused Plaintiffs to suffer harm in this District.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*)

31. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

32. Plaintiffs' Works listed on Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act, and are protected by United States Certificates of Copyright Registration duly registered with the United States Copyright Office. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed or otherwise transferred to any of the Defendants.

33. Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed to the public unauthorized copies of Plaintiffs' Works listed in Exhibit A hereto. Such reproduction and distribution constitutes infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

34. Each of the Defendants directly and individually performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent, principal, alter ego, employee, or representative of the other. Accordingly, each of the Defendants is liable for all of the acts alleged herein because they were the cause in fact

and proximate cause of all injuries Plaintiffs have suffered.

35. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

36. Defendants' unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Plaintiffs.

37. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, irreparably damaged, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.

## SECOND CLAIM FOR RELIEF
### Secondary Copyright Infringement (17 U.S.C. § 101 *et seq.*)

38. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

39. Defendants are well aware of the massive infringement that they are engaging in, encouraging, facilitating, and financially benefitting from, by and through the Infringing Sites.

40. Defendants have knowingly encouraged, induced, and materially contributed to the infringement including, without limitation, by providing the site and facilities for the infringement that is occurring or has occurred through the Infringing Sites, and by promoting the unauthorized reproduction and distribution of Plaintiffs' Works listed on Exhibit A hereto. Indeed, by uploading unauthorized copies of Plaintiffs' Works to the Infringing Sites, Defendants intend to bring about such infringement.

41. Defendants have a right and ability to control the infringement. They decide to operate an illegal online bookstore that sells unauthorized copies, rather than lawful copies, of books. Defendants decide which Infringing E-books are sold on the Infringing Sites. Moreover, at the point of sale, Defendants can choose whether to

process a sale or reject it. In these and other ways, Defendants have the right and ability to stop the infringement, but have not done so.

42. Defendants profit directly from the infringing behavior. Defendants profit from the sale of unauthorized copies of Plaintiffs' Works, in the form of Infringing E-books. Additionally, the unauthorized copies of Plaintiffs' Textbooks, in the form of Infringing E-books, draws customers to Defendants' Infringing Sites, generating further sales for Defendants.

43. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

44. Defendants' unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Plaintiffs.

45. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, irreparably damaged, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.

46. Accordingly, Defendants are liable for secondary infringement of the underlying direct infringement of Plaintiffs' Works.

**FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment from this Court against Defendants as follows:

a. For a declaration that Defendants willfully infringed Plaintiffs' copyrights;
b. For an accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct;
c. For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Plaintiffs' copyrights, including preliminary and permanent injunctive relief, requiring

    Defendants, and their agents, servants, employees, and attorneys and all those acting in concert or participation with each or any of them, (i) not to infringe Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created, and (ii) to cease use of and surrender to Plaintiffs the domain names underlying Defendants' Sites;

d. For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendant's profits from infringement, in amounts to be proven at trial;

e. Pursuant to 17 U.S.C. § 503, requiring Defendants or their agents to deliver up for destruction or other reasonable disposition all copies made or used in violation of Plaintiffs' respective copyrights;

f. Pursuant to 17 U.S.C. § 505, awarding Plaintiffs their costs in this action, including their reasonable attorneys' fees;

g. For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

h. For such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues that are so triable.


Dated:  June 29, 2017                                    Respectfully submitted,

                                                         */s/ Matthew J. Oppenheim*
                                                         Matthew J. Oppenheim
                                                         Julie C. Chen
                                                         Leo M. Lichtman
                                                         OPPENHEIM + ZEBRAK, LLP
                                                         5225 Wisconsin Ave. NW, Suite 503
                                                         Washington, DC 20015
                                                         Tel:  202-480-2999
                                                         matt@oandzlaw.com
                                                         julie@oandzlaw.com
                                                         leo@oandzlaw.com


                                                         *Attorneys for Plaintiffs*